IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00050-RLV
(5:03-CR-00050-RLV-2)

| | | |
|---|---|---|
| ASIATIC SUPREME ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). After reviewing the motion and the record in this matter, the Court finds that Petitioner's Section 2255 motion should be denied and dismissed.

## I. BACKGROUND

On May 18, 2005, Petitioner was sentenced to 262-months imprisonment following his conviction on one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846. (5:03-CR-00050, Doc. No. 47: Judgment in a Criminal Case at 1-2; Doc. No. 86: Presentence Report ("PSR") at 1).

On May 25, 2005, Petitioner filed a timely notice of appeal from his Judgment to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 48). On January 19, 2006, the Fourth Circuit dismissed the appeal on the motion of the United States. United States v. Robinson, No. 05-4585 (4th Cir. filed Jan. 29, 2006). (Doc. No. 52).

Petitioner does not appear to have pursued additional relief before the United States

1

Supreme Court. Instead, Petitioner filed the present Section 2255 motion contending that the Fourth Circuit's holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), entitles him to an order vacating his sentence and resentencing him without the 21 U.S.C. § 851 enhancement which was noticed by the Government in his criminal case.

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.

After examining the record in this matter, the Court finds that the claims in Petitioner's Section 2255 motion can be resolved without an evidentiary hearing based on the court record, and the documents and arguments therein presented. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  LEGAL DISCUSSION

First, the Court notes that Petitioner's criminal judgment became final in 2006, or roughly 90-days following the Fourth Circuit's issuance of its mandate. In order to pursue collateral relief under Section 2255, a petition must be timely filed. On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant

was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner first contends that his petition is timely under Section 2255(f)(3). (5:12-CV-00050, Doc. No. 2). In the alternative, Petitioner asks the Court to construe his petition under the All Writs Act, 28 U.S.C. § 1651, and to grant him relief under that statute. (Id. at 2). The Court concludes that Petitioner's Section 2255 motion is untimely and due to be dismissed because (1) it is wholly without merit, and (2) consequently, Petitioner has failed to demonstrate that he is entitled to equitable tolling.[1]

In his underlying criminal case, the Government filed a notice pursuant to 21 U.S.C. § 851 informing Petitioner of its intention to seek enhanced penalties based on nine (9) prior felony drug offenses sustained in North Carolina state court. (5:03-CR-00050, Doc. No. 22). Petitioner pled guilty to Count One of his Indictment which charged that Petitioner conspired with intent to possess and distribute cocaine, in violation of 21 U.S.C. §§ 841 & 846. (Doc. No. 3: Indictment). Through his plea agreement with the Government, the Petitioner was notified of the minimum and maximum terms of incarceration he faced after being sentenced on conviction of §§ 841 and 846. (Doc. No. 37: Plea Agreement ¶ 3). Section 841(b)(1)(A) provides that upon

---

[1] In order to receive the extraordinary benefit of equitable tolling, Petitioner must show that he has been diligently pursuing his rights to collateral relief and that failure to apply equitable tolling to excuse the one-year time limitation would result in a "gross injustice." See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). As the Court concludes below, Petitioner has no meritorious claim at all. Therefore, his motion cannot be saved by equitable tolling.

conviction of an offense under Section 841(a), a defendant "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life."

Petitioner was sentenced to 262-months for conviction on Count One of his Indictment. Petitioner contends that the Fourth Circuit's holding in United States v. Simmons demonstrates that his prior state felony drug convictions did not qualify him for a Section 851 sentencing enhancement and therefore his sentence is illegal under Section 2255. Recent Fourth Circuit law forecloses this argument.

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense under the [Controlled Substances Act], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

In a Section 2255 proceeding, a petitioner can attack the legality of his sentence. 28 U.S.C. § 2255(a) provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or **that the sentence was in excess of the maximum authorized by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(emphasis added).

4

Through enactment of 21 U.S.C. § 841(b)(1)(A), Congress provided the Court with a well-defined range within which to sentence defendants convicted of violating Section 841(a). In Petitioner's case, it is plain that even without consideration of any prior felony drug offenses, the Court had the discretion to sentence Petitioner to a term of not less than ten years and not more than life imprisonment. Petitioner's term of 262-months was thus well within the authorized maximum sentence. Accordingly, Petitioner is not entitled to relief in this Section 2255 proceeding. See United States v. Powell, 691 F.3d 554, 555 (4th Cir. 2012) (finding that Powell's challenge to his twenty-year term of imprisonment based on a prior state drug conviction for which he was not sentenced to more than one year must fail. The Court found that Powell's sentence should be upheld, notwithstanding the presence of the Government's Section 851 notice of intention to seek enhanced penalties, because Powell still received a sentence that was within the maximum allowed by law under § 841(b)(1)(A), namely, less than life imprisonment).

Moreover, Section 841(b)(1)(A) provides that upon conviction of a prior felony drug offense, any person convicted of violating § 841(a) "shall be sentenced to a term of imprisonment of which may not be less than 20 years and not more than life imprisonment."). The Section 851 notice provided information that Petitioner had been convicted of a prior felony drug offense in Guilford County Superior Court on May 18, 1995, and Petitioner was sentenced to a 6-year term of imprisonment, which was suspended and later activated after Petitioner violated his terms of probation. (5:03-CR-00050, Doc. No. 86: PSR ¶ 33). See Powell, 691 F.3d at 562 n.1 ("As a case in point, Powell received § 841(b)(1)(A)'s enhanced twenty-year statutory minimum sentence. Without the enhancement, Powell could have been sentenced to as little as ten years of imprisonment, but his statutory maximum would have yet been life. Thus, the twenty-year sentence imposed on Powell is within the unenhanced statutory maximum—as any

such enhanced subsection (b)(1)(A) sentence would necessarily be.") ((Judge King, concurring in the judgment).

## IV. CONCLUSION

Based on the foregoing, the Court finds Petitioner's Section is untimely under all provisions of Section 2255(f), and that Petitioner has failed to show that he is entitled to any relief under Section 1651. Finally, Petitioner's argument under Simmons is without merit and he has therefore not demonstrated that he could be entitled to equitable tolling of the statute of limitations.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Amend his Section 2255 petition is **ALLOWED**. (5:12-CV00050, Doc. No. 2).

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 17, 2012

Richard L. Voorhees
United States District Judge